| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>Court Address:<br>1437 Bannock St.<br> Denver, CO 80202 | DATE FILED: June 19, 2014 8:02 AM<br>FILING ID: F8EAD5D2F2D98<br>CASE NUMBER: 2014CV32416 |
| Plaintiff:   MICHAEL LEPPER<br><br>v.<br><br>Defendant: DILLON COMPANIES, INC. d/b/a KING SOOPERS | ▲ Court Use Only ▲ |
| Attorney or Party Without Attorney<br>R. Keith Fuicelli, #32108<br>Jessica J. Cash, #32694<br>FUICELLI & LEE, P.C.<br>1731 Gilpin Street<br>Denver, Colorado 80218<br>Phone Number:  (303) 355-7202<br>Fax Number:     (303) 355-7208<br>E-mail address:  jcash@fuicellilee.com<br>E-mail address:  keith@fuicellilee.com | Case No.:<br><br>Div.: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

Plaintiff, Michael Lepper, by and through his attorneys, Fuicelli and Lee, P.C., submits the following complaint and jury demand:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of Larimer County residing at 221 W. Douglas Road, Lot #18, Fort Collins, Colorado 80527.

2. Upon information and belief, Defendant DILLON COMPANIES, INC. d/b/a KING SOOPERS (hereinafter "King Soopers") is an out of state corporation doing business in the state of Colorado with its principal place of business in Hutchinson, Kansas. Defendant's registered agent being Corporation Service Company 1560 Broadway, Suite 2090, Denver, Colorado 80202.

3. Upon information and belief, King Soopers owns and operates a grocery store located at 1842 North College Avenue, Fort Collins, Colorado 80524.

4. Venue is proper in Denver County, Colorado, pursuant to C.R.C.P. 98(c), as Defendant King Soopers is an out-of-state resident and conducts business throughout the state. Further, Defendant's registered agent of service is located in Denver County.

5. On or about June 29, 2012, Plaintiff was lawfully on the subject premises at 1842 North College Avenue, Fort Collins, Colorado 80524 when he slipped and fell on a wet substance (upon information and belief the wet substance was melted ice cream) that had been permitted to remain on the floor.

6. As a result of falling forcefully to the ground, Plaintiff suffered severe injuries including a patellar fracture that required multiple surgical procedures and eventually a leg amputation.

7. The state of the floor at 1842 North College Avenue represented a dangerous condition.

8. Defendant King Soopers knew of the dangerous condition of the floor located on its property or should have known and failed to take appropriate steps to protect Plaintiff from the danger.

9. As a direct and proximate result of the Defendant's negligence and/or failure to take reasonable care to protect against dangers to invitees on the premises, Plaintiff sustained the injuries, damages, and losses set forth below.

10. As a direct and proximate result of the Defendant's negligence and/or failure to take reasonable care to protect against dangers to invitees on the premises, Plaintiff has suffered traumatic physical injury to his body including but not limited to his leg, physical and emotional pain and suffering, both past and future and economic losses. These injuries are permanent in nature and have resulted in permanent physical impairment and disfigurement.

11. As a direct and proximate result of the Defendant's negligence and/or failure to take reasonable care to protect against dangers to invitees on the premises, the Plaintiff has and will continue to past and future medical expenses, loss of earnings and impairment of earning capacity.

12. Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

13. As a direct and proximate result of the Plaintiff's injuries, the Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

**FIRST CLAIM FOR RELIEF**
**LANDOWNER'S LIABILITY TO INVITEES UNDER**
**COLORADO REVISED STATUTE § 13-21-115**

14. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 13 above as if set forth herein verbatim.

15. At all times relevant hereto, Plaintiff was a customer transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute § 13-21-115 and its subparts.

16. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which it actually knew of or should have known.

17. Defendant is and/or was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and it, or its agents and/or employees.

18. The conduct of Defendant King Soopers was an unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

19. Defendant violated Defendant violated the Premises Liability Act by failing to exercise reasonable care to protect against dangers for which it actually know or should have known on its property located at 1842 North College Avenue.

20. Defendant King Soopers is liable to the Plaintiff for the damages caused.

21. As a result of the acts or failures to act of Defendant and as a result of its violation of C.R.S. § 13-21-115 and its subparts, Plaintiffs sustained injuries, damages and losses.

22. Plaintiff Lepper's damages suffered as a result of Defendant's failure to exercise reasonable care to protect against dangers for which it knew or should have known on its property located at 1842 North College Avenue as contemplated by C.R.S. § 13-21-115 include, but are not limited to:

    A. Past and future medical care;

    B. Past and future physical pain;

    C. Past and future mental suffering;

    D. Past and future loss of income;

3

      E.      Permanent physical impairment;

      F.      Permanent disfigurement

## SECOND CLAIM FOR RELIEF
**Negligence**

23. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 22 above as if set forth herein verbatim.

24. At all material times, Defendant undertook and/or became responsible to maintain, operate and supervise the subject premises.

25. Defendant undertook and became responsible to assure invitees that the premises were safe, not dangerous, and reasonably maintained, operated and supervised.

26. Defendant breached said duty when it unreasonably failed to exercise reasonable care to protect against dangers it knew or should have known about on its property located at 1842 North College Avenue.

27. Defendant was negligent as follows: Failed to inspect and maintain the safety of its floors and/or failed to warn of the dangerous condition of its floor.

28. As a result of the negligence and/or violations of the Premises Liability Act of Defendant, Plaintiff sustained injuries, damages and losses.

WHEREFORE, Plaintiff Michael Lepper respectfully requests that judgment be entered in his favor and against Defendant King Soopers in an amount to fairly and reasonably compensate for his injuries, damages and losses set forth above, both past and future; for costs provided by law; for statutory interest, both pre and post judgment, and for such other and further relief as this Court may seem just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Dated this 19th day of June, 2014.

Respectfully submitted,

FUICELLI & LEE, P.C.

*A duly signed original is on file at the Offices of Fuicelli & Lee, P.C.*

*s/ R. Keith Fuicelli*
R. Keith Fuicelli, #32108
Attorneys for Plaintiff

Plaintiff's Address:
221 W. Douglas Road, Lot #18
Fort Collins, Colorado 80527