| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:  1437 Bannock Street<br>                         Denver, CO  80202 | |
| Plaintiff: MICHAEL LEPPER<br><br>v.<br><br>Defendant: DILLON COMPANIES, INC. d/b/a KING SOOPERS, INC. | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Dillon Companies, Inc. d/b/a King Soopers, Inc.:**<br>Richard L. Angell, 8187<br>Dina M. Bernardelli, 40448<br>Zupkus & Angell, P.C.<br>The McCourt Mansion<br>555 East Eighth Avenue<br>Denver, CO  80203<br>Telephone: (303) 894-8948<br>Facsimile: (303) 894-0104<br>rangell@zalaw.com<br>dbernardelli@zalaw.com | Case Number: 2014CV032416 |
| **ANSWER** | |

Defendant, Dillon Companies, Inc. d/b/a King Soopers, Inc. (hereinafter "King Soopers"), improperly designated as defendant Dillon Companies, Inc. d/b/a King Soopers, through its attorneys, Zupkus & Angell, P.C., submits its **Answer**. In doing so, King Soopers states as follows:

### ANSWER TO ALLEGATIONS

1. In regard to Paragraph 1 of the Complaint, King Soopers is without information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and therefore denies the same.

2. King Soopers admits the allegations contained in Paragraphs 2 and 3 of the Complaint.

3. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is required the allegations of said Paragraph are denied.

4. King Soopers denies the allegations contained in Paragraphs 5–13 of the Complaint.

5. In regard to Paragraph 14 of the Complaint, King Soopers incorporates herein, by this reference, its answers, responses, and defenses to Paragraphs 1–13 of the Complaint.

6. In regard to Paragraphs 15 and 16 of the Complaint, King Soopers is without information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the same. In addition, the allegations that Plaintiff was an invitee pursuant to the referenced statute and what an invitee may recover for damages are legal conclusions to which no response is required. To the extent a response may be required, said allegations are denied.

7. King Soopers denies the allegations contained in Paragraphs 17–22 of the Complaint.

8. In regard to Paragraph 23 of the Complaint, King Soopers incorporates herein, by this reference, its answers, responses, and defenses to Paragraphs 1–22 of the Complaint.

9. King Soopers denies the allegations contained in Paragraphs 23–28 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate damages as required by law.

3. Plaintiff's claims are barred or reduced in part by the doctrines of waiver and estoppel.

4. Plaintiff's alleged damages may be the direct result of acts, omissions, and/or fault of third-parties, over whom King Soopers had no control and no right of control.

5. Plaintiff's alleged damages, if any, have been aggravated by subsequent events, over which King Soopers had no influence or control.

6. Plaintiff's alleged damages, if any, were caused by intervening and superseding causes.

7. Plaintiff's claims are barred or reduced in part by comparative negligence pursuant to C.R.S. § 13-21-111.

8. Plaintiff's claims are barred or reduced in part by Plaintiff's assumption of known risks pursuant to C.R.S. § 13-21-111.7.

9. King Soopers' liability to Plaintiff, if any, is limited by C.R.S. § 13-21-111.5.

10. Plaintiff's claims are barred by the applicable statutes of limitation and/or repose.

11. Plaintiff may have failed to join necessary and indispensable parties in whose absence complete relief cannot be accorded among the parties as presently aligned.

12. Plaintiff's damages, if any, were the result of unforeseen circumstances that could not have reasonably been anticipated by King Soopers.

13. Plaintiff's current or future claim for non-economic damages, if any, is limited by the provisions of C.R.S. § 13-21-102.5.

14. Plaintiff's damages must be barred or reduced by amounts paid by any collateral source.

15. This action is improperly venued.

**WHEREFORE**, Dillon Companies, Inc. d/b/a King Soopers, Inc. prays for judgment in its favor and against the Plaintiff upon Plaintiff's Complaint, for the costs of this action, including expert witness and attorneys' fees and such other and further relief as to the court shall seem just and proper in the premises.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted on this 10th day of July, 2014.

        **ZUPKUS & ANGELL, P.C.**
        *Original Signature on File at Zupkus & Angell, P.C.*

        By: _s//Richard L. Angell_
            Richard L. Angell, 8187
            Dina M. Bernardelli, 40448
            Zupkus & Angell, P.C.
            The McCourt Mansion
            555 East Eighth Avenue
            Denver, CO  80203
            rangell@zalaw.com
            dbernardelli@zalaw.com

Defendant's Address:
2800 E. 4th Street
Hutchinson, KS 67501

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2014, I served the foregoing **ANSWER** via ICCES, facsimile, or U.S. Mail, postage prepaid and addressed to the following:

R. Keith Fuicelli, Esq.
Jessica J. Cash, Esq.
FUICELLI & LEE, P.C.
1731 Gilpin Street
Denver, Colorado 80218
keith@fuicellilee.com
jcash@fuicellilee.com

*Original Signature on File at Zupkus & Angell, P.C.*

s//Dana M. Duran
Zupkus & Angell, P.C.